UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOME BUILDERS LUMBER CO.,

    Plaintiff,

v.

HAMILTON MUTUAL
INSURANCE CO.,

    Defendant.
_____/

Case No. 1:16-cv-146

HON. JANET T. NEFF

## MEMORANDUM OPINION

Pending before the Court in this diversity action is Defendant Hamilton Mutual Insurance Co.'s Motion for Summary Judgment (ECF No. 26). Plaintiff Home Builders Lumber Co. has filed a Response in opposition (ECF No. 27), and Defendant has filed a Reply (ECF No. 28). Having fully considered the parties' submissions, the Court concludes that oral argument would not assist in the disposition of the issues presented. *See* W.D. Mich. LCivR 7.2(d). Defendant's Motion is denied.

### I. Background

Plaintiff filed this action seeking payment of insurance proceeds under a Commercial Property Insurance Policy with Defendant, for losses sustained in a February 6, 2014 fire that occurred at Plaintiff's property in St. Joseph, Michigan.[1] Plaintiff's complaint alleges claims for

---

[1] Plaintiff filed the case December 2, 2015 in the Berrien County Circuit Court; Defendant thereafter removed the case to this Court.

breach of an insurance contract (Count I) and violation of the Michigan Uniform Trade Practices Act (Count II).

During the investigation of the fire and related insurance claim, Plaintiff's owners, Jeff Shell, Greg Shell and Wayne Shell, gave several statements to Defendant's representatives and local law enforcement, which Defendant contends were later shown to be false based on surveillance video and records pertaining to the operation and financial condition of Plaintiff's business. Defendant cites in particular the following alleged misrepresentations (ECF No. 26 at PageID.96-96), which Plaintiff in part disputes (ECF No. 27 at PageID.284-285).

1. On February 13, 2014, Greg Shell gave a recorded statement to Defendant's adjuster, Rob Husulak. At that time, Greg Shell informed Mr. Husulak that he arrived home around 7:05 p.m. and stayed home the rest of the night. [Plaintiff admits that Greg Shell stated he returned home for the evening around 7:00 p.m. from an approximately 15-minute trip to a store.]

2. On February 17, 2014, Greg Shell also underwent an interview with St. Joseph Public Safety Officer, Adam Herbert. At that time, Greg Shell indicated that he left his house on the night of the fire around 7:00 p.m. to go to Walgreens and then returned home at around 7:15 p.m. [Plaintiff admits that Greg Shell stated he went to a Walgreens store for about 15 minutes around 7:00 p.m.]

3. During this investigation of the fire, the St. Joseph Police Department obtained a surveillance video that depicts Greg Shell's white four-door Chevy truck arriving at the insured premises on the night of the fire around 7:20 p.m. and speeding away at approximately 7:42 p.m. Once Officer Herbert confronted Greg Shell with the video, he admitted that he went back to the insured premises on the night of the fire. [Plaintiff admits that the police department claimed to have video showing a white truck arriving at and leaving the loss site on the loss date between 7:20 p.m. and 7:42 p.m. Plaintiff denies that the police department confronted Greg Shell with the video. Plaintiff admits that the police department told Mr. Shell about having such a video, and that he then told the police department that he had gone to his office around 7:00 p.m. that night, after Walgreens, to retrieve a laptop he used to complete some work tasks at home.]

4. As part of its investigation, Defendant conducted the Examinations Under Oath (EUO) of Greg and Jeff Shell on September 28, 2014. On November 7, 2014, the EUO of Jeff Shell was completed and Defendant conducted an EUO of their father, Wayne Shell. [Plaintiff admits.]

5. At his EUO, Greg Shell testified that as of the date of the fire, Home Builders owed the State of Michigan approximately $11,000 in sales taxes for the year 2013. He also denied any liens, payment plans or negotiations in connection with unpaid sales tax for the five years preceding the fire. [Plaintiff admits that Greg Shell testified approximately $11,000 in 2013 sales taxes were owed to the State of Michigan. Plaintiff denies that Mr. Shell testified there were no liens, payment plans or negotiations in connection with unpaid sales taxes. Rather, he stated that he was not aware of any such things.]

6. During its investigation of this claim, however, Hamilton Mutual learned that as of the date of the fire, Home Builders actually had an outstanding sales tax obligation of approximately $38,000. [Plaintiff admits.]

7. On December 19, 2013, the State of Michigan garnished $10,559 from Home Builder's bank account. [Plaintiff admits.]

8. Greg Shell misrepresented the financial condition of Home Builders on the date of the loss, when he testified that the company's sales were on the rise. The financial records that Plaintiff provided Defendant indicate the company's performance had dropped by 68% in the four months leading up to the fire. [Plaintiff denies.]

9. Wayne Shell testified that in September 2013, he loaned the company $30,000 at the request of Jeff and Greg Shell, which misrepresented the extent of the loans made to the company as evidenced by a schedule derived from the company's ledgers. [Plaintiff admits that Wayne Shell testified that he loaned Plaintiff "maybe" $30,000 in September of 2013, but denies this misrepresented the extent of the loans.]

Based on the above facts, Defendant moves for summary judgment on the grounds that (1) Plaintiff failed to comply with the terms and conditions of the Policy because Plaintiff misrepresented and concealed material facts concerning the insurance claim; and (2) the entire Policy is void as a result of Plaintiff's concealment and misrepresentation of material facts.

## II. Legal Standards

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013); *U.S. S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citation omitted).

The moving party has the initial burden of showing the absence of a genuine issue of material fact. *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010). The burden then "shifts to the nonmoving party, who must present some 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

"A dispute is genuine if there is evidence 'upon which a reasonable jury could return a verdict in favor of the non-moving party.' A factual dispute is material only if it could affect the outcome of the suit under the governing law." *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 418 (6th Cir. 2015) (quoting *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52).

## III. Analysis

Defendant's Policy includes the following provision concerning concealment and misrepresentation:

A.   CONCEALMENT, MISREPRESENTATION OR FRAUD

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Coverage Part.

(Def's. Br. Ex. K, Commercial Property Conditions - ¶ A; ECF No. 26-12 at PageID.224).

Defendant argues that pursuant to the above provision, coverage under the Policy is void because Plaintiff misrepresented and concealed material and relevant facts concerning the claim at issue. *See West v. Farm Bureau Mut. Ins. Co. of Mich.*, 259 N.W.2d 556 (Mich. 1977); *Martin v. Farm Bureau Gen. Ins. Co. of Mich.*, No. 275261, 2008 WL 1807940 (Mich. Ct. App. April 22, 2008). Defendant argues that no reasonable juror could find otherwise on the facts presented, and thus, Defendant is entitled to summary judgment.

Plaintiff disagrees that the matters at issue are appropriate for summary judgment. Plaintiff argues that Defendant's claim that the insurance policy is void is an affirmative defense, which Defendant must prove by a preponderance of the evidence. Plaintiff contends that here, the defense hinges on disputed issues of fact, making summary judgment improper. The Court agrees.

"To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it." *Mina v. Gen. Star Indemnity Co.*, 555 N.W.2d 1, 5 (Mich. Ct. App. 1996), rev'd in part on other grounds, 568 N.W.2d 80 (Mich. 1997). "A statement is material if it

5

is reasonably relevant to the insurer's investigation of the claim." *Id*. "The burden of proving that an insured engaged in fraud is on the insurer," which, as an affirmative defense, must be proved by a preponderance of the evidence. *Hatcher v. Liberty Mut. Ins. Co.*, No. 330062, 2017 WL 1367119, at *2 (Mich. Ct. App. Apr. 13, 2017); *see also Stein v. Home-Owners Ins. Co.*, 843 N.W.2d 780, 783 (Mich. Ct. App. 2013).

As Plaintiff contends, even assuming arguendo, that Defendant can establish the first three elements of the *Mina* test as to Greg Shell's misrepresentations and/or concealment of his whereabouts on the evening of the fire, disputed issues of fact exist with respect to the fourth element—intent that the insurer would act upon it. Plaintiff points to testimony of Greg Shell that early on, he did not disclose that he returned to the business premises because it would look bad for him, even though he had no role in the fire. Additionally, he later corrected his statement. Thus, a genuine issue of fact exists concerning whether he intended that Defendant rely on his initial statement. Moreover, summary judgment is generally inappropriate where questions of motive, intent, credibility or state of mind are material issues. *Hatcher*, 2017 WL 1367119, at *3 (citing cases).

Likewise, even assuming that the Shells may have incorrectly characterized the company's financial health and debt obligations and that these matters are material, there are genuine issues of fact concerning the third and fourth elements of the *Mina* test: knowledge of falseness and intent that the insurer would rely on the misrepresentation. Plaintiff points out that although certain statements by the Shells may have been inaccurate based on actual financial records, the Shells subsequently produced income tax records, bank statements, credit card statements, and cell phone bills, as well as other financial records, thus undermining a conclusion that there was an intent to

deceive or defraud Defendant. The questions of the Shells' state of mind and intent are matters properly decided by the trier of fact.

In short, despite Defendant's arguments to the contrary, the proofs of misrepresentation and/or concealment to support voiding the Policy are not conclusive on the record before the Court. Defendant is not entitled to judgment as a matter of law.

## IV. Conclusion

Because genuine issues of material fact exist concerning Plaintiff's claims, Defendant's motion for summary judgment is properly denied. An Order will enter consistent with this Memorandum Opinion.

Dated: May 4, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge